IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCLIN US HOLDINGS INC., *et al.*,[1] | ) | Case No. 09-12628 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Objection Deadline: August 31, 2009 at 4:00 p.m. |
| | ) | Hearing Date: September 8, 2009 at 3:00 p.m. |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF MORRIS ANDERSON & ASSOCIATES, LTD. AS FINANCIAL ADVISORS TO CREDITORS' COMMITTEE *NUNC PRO TUNC* TO AUGUST 13, 2009

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ Morris Anderson & Associates, Ltd. ("Morris Anderson") as its financial advisor *nunc pro tunc* to August 13, 2009, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The

---

[1] The Debtors are Arclin US Holdings Inc., Marmorandum LLC, Arclin Chemicals Holding Inc., Arclin Industries U.S.A. Inc., Arclin Fort Smith Inc., Arclin U.S.A. Inc., and Arclin Surfaces Inc.

statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

2. On July 27, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

3. On August 13, 2009, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed the following members to the Committee: (i) Ineos Phenol, Inc.; (ii) Quality Carriers Inc.; (iii) Georgia Gulf Chemicals & Vinyls LLC; (iv) Univar USA Inc.; and (v) Kapstone Charlestone Kraft LLC.

4. On August 13, 2009, the Committee selected Morris Anderson as its financial advisor in connection with these Chapter 11 Cases.

## RETENTION OF MORRIS ANDERSON

5. Subject to approval by this Court, the Committee wishes to employ Morris Anderson as its financial advisor to perform services for the Committee in connection with carrying out its duties and responsibilities under the Bankruptcy Code during the Chapter 11 Cases.

6. Pursuant to section 1103(a) of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may, with the Court's approval, select one or more attorneys, accountants, or other agents to perform services for such committee. Pursuant to section 328(a) of the Bankruptcy Code, the Committee requests that the Court approve the

employment of Morris Anderson as its financial advisors in these Chapter 11 Cases *nunc pro tunc* to August 13, 2009, because of the need for Morris Anderson to begin work immediately to effectively represent the Committee.

7. Morris Anderson is a financial advisory/consulting firm that maintains offices at, among other locations, 55 W. Monroe St. Suite 2500, Chicago, Illinois 60603. Morris Anderson provides a broad range of corporate and financial advisory services to its clients including, without limitation, services pertaining to: (i) general financial advice, (ii) corporate restructurings, (iii) mergers, acquisitions, and divestitures, (iv) capital raising, and (v) special committee assignments. The Principle responsible for this engagement is Domenic Aversa.

8. The Committee has chosen Morris Anderson as their financial advisor because Morris Anderson and its professionals have extensive experience in the reorganization and restructuring of troubled companies, both out of court and in chapter 11 proceedings. The employees of Morris Anderson have advised debtors, creditors, equity constituencies and purchasers in many reorganizations.

9. Morris Anderson has extensive experience in reorganization cases and has an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors, creditors and creditors committees.

10. The Committee believes that the services of Morris Anderson are necessary to enable it to execute faithfully its statutory duties. The Debtors have requested that Morris Anderson serve as financial advisors during these chapter 11 cases to perform a broad range of services on behalf of the Committee, which include, without limitation:

> a) Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

3

RLF1-3425327-2

b) Assistance to the Committee with information and analyses required pursuant to a possible Debtor-in-Possession ("<u>DIP</u>") financing including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

c) Assistance with a review of any of the Debtors' proposed key employee retention and other critical employee benefit programs;

d) Assistance and advice to the committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

e) Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

f) Assistance regarding the evaluation of business operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

g) Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sough;

h) Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these Chapter 11 Cases, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

i) Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan of reorganization in these Chapter 11 Cases;

j) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these Chapter 11 Cases.

11. Morris Anderson has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as financial advisor to the Committee. Furthermore, to the best of the Committee's knowledge, the principles and associates of Morris Anderson do not have any connection with or any interest adverse to that of the Committee, its

creditors, or any other party in interest, or their respective attorneys, except as set forth herein and in the affidavit of Domenic Aversa (the "Aversa Affidavit"), a copy of which is attached hereto as Exhibit B.

12. It is essential that the Committee employ a financial advisor to render the foregoing professional services in order to assist the Committee with their duties under section 1103 of the Bankruptcy Code and to handle the many issues that may arise in the context of these cases. The Committee believes that Morris Anderson is qualified to serve them in these Chapter 11 Cases and that the retention of Morris Anderson is in the best interests of the Debtors' estates and creditors.

13. The services to be rendered by Morris Anderson will not duplicate the services to be rendered by any other professionals retained by the Committee in these Chapter 11 Cases.

14. It is contemplated that Morris Anderson will be compensated for the services described herein at its ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code. The current billing rates of the primary members and associates of Morris Anderson who will be working on this engagement are set forth in the Aversa Affidavit, submitted herewith. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

15. To check and clear potential conflicts of interest in these cases, Morris Anderson has researched its client database to determine whether Morris Anderson has any connection with, among others, the following entities:

        a)    The Debtors;

        b)    The Debtors' officers, directors and principal shareholders;

        c)    The Debtors' secured lenders;

d) The members of the Committee;

e) Each of the Debtors' twenty (20) largest unsecured creditors, and any other parties in interest Morris Anderson could readily identify as clients of the firm; and

f) The Debtors' proposed professionals.

16. Morris Anderson intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the U.S. Trustee and the Local Rules and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases. In connection therewith, subject to application for and allowance by the Court, Morris Anderson will seek reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Committee including, without limitation, travel and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses, long distance telephone calls, and other customary expenditures.

17. Accordingly, the Committee requests the Court's authorization to employ and retain Morris Anderson, effective as of August 13, 2009, with compensation and reimbursement of expenses to be paid in such amounts as this Court may allow after the submission of applications in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## **DISINTERESTEDNESS OF MORRIS ANDERSON**

18. To the best of the Committee's knowledge, information and belief, and except as set forth in the Aversa Affidavit, Morris Anderson does not hold any interest adverse to the Committee or the Debtors' estates and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases, and Morris Anderson is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

RLF1-3425327-2

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Application has been made to this or any other court.

## NOTICE

20. Notice of this Application has been given to: (i) the U.S. Trustee; (ii) the Debtors; (iii) counsel to the Debtors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is required.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting this Application, (ii) authorizing the Committee to retain and employ Morris Anderson as its financial advisors, *nunc pro tunc* to August 13, 2009, and (iii) granting such other and further relief the Court deems just and proper.

Dated: August **21**, 2009
Wilmington, Delaware

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ARCLIN US HOLDINGS INC., *ET AL.*

By: GEORGIA GULF CHEMICALS & VINYLS, LLC, solely in its capacity as Member of the Official Committee of Unsecured Creditors and not in its individual capacity[2]

By: *[signature]*
Name: Bradley Hewild
Title: Assistant Secretary

---

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

8

# EXHIBIT A

**[Proposed Order]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCLIN US HOLDINGS INC., *et al.*,[1] | ) | Case No. 09-12628 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRIS ANDERSON & ASSOCIATES, LTD. AS FINANCIAL ADVISORS TO CREDITORS' COMMITTEE *NUNC PRO TUNC* TO AUGUST 13, 2009

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases of the above-captioned debtors and debtors-in-possession (the "Debtors") to authorize the Committee to retain and employ Morris Anderson & Associates ("Morris Anderson") as its financial advisors *nunc pro tunc* to August 13, 2009, and the Court having reviewed the Application, and the Court finding that (a) the Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (c) notice of the Application has been provided to: (i) the U.S. Trustee; (ii) the Debtors; (iii) counsel for the Debtors; and (iv) all parties entitled to receive notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and the Court having found that such notice was sufficient under the circumstances and that no other or further notice need be provided; and the Court having considered the Application and the Affidavit of Domenic Aversa in support of the Application (the "Aversa Affidavit"); and the Court having determined that the legal and factual bases set forth in the Application and the Aversa Affidavit

---

[1] The Debtors are Arclin US Holdings Inc., Marmorandum LLC, Arclin Chemicals Holding Inc., Arclin Industries U.S.A. Inc., Arclin Fort Smith Inc., Arclin U.S.A. Inc., and Arclin Surfaces Inc.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Committee shall be, and hereby is, authorized to employ and retain Morris Anderson as its financial advisors, *nunc pro tunc* to August 13, 2009, in accordance with the terms and conditions set forth in the Application.

3. Morris Anderson shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

4. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.


Dated: September ____, 2009
Wilmington, Delaware
                                         THE HONORABLE KEVIN J. CAREY
                                         CHIEF UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**[Aversa Affidavit]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCLIN US HOLDINGS INC., *et al.*,[1] | ) | Case No. 09-12628 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## AFFIDAVIT OF DOMENIC AVERSA

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) SS: |
| COUNTY OF NEW YORK | ) |

DOMENIC AVERSA, being first duly sworn to oath, deposes and says:

1.  I am a Principal with Morris Anderson & Associates ("Morris Anderson"). Morris Anderson is a financial advisory firm with its offices at, *inter alia*, 55 W. Monroe St. 2500 Chicago, IL 60603.

2.  I submit this affidavit in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the employment and retention of Morris Anderson as its financial advisors in the above-captioned Chapter 11 Cases, in compliance with and to provide disclosure pursuant to sections 1102 and 504 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors are Arclin US Holdings Inc., Marmorandum LLC, Arclin Chemicals Holding Inc., Arclin Industries U.S.A. Inc., Arclin Fort Smith Inc., Arclin U.S.A. Inc., and Arclin Surfaces Inc.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Morris Anderson's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, Morris Anderson intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by Morris Anderson during the case. The principal professionals and paraprofessionals designated to represent the Committee and their current standard hourly rates are as follows:

    (a)  Domenic Aversa        $525 per hour

    (b)  Joel Dryer              $475 per hour

    (c)  Mark Immartino       $250 per hour

    (d)  D'Andre Davis         $250 per hour

    (e)  Other Consultants as needed  $250-$350 per hour

3. The hourly rates set forth above are Morris Anderson's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Morris Anderson fairly for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other professionals within Morris Anderson may from time to time serve the Committee in connection with the matters described herein.

4. It is Morris Anderson's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and

2

express mail charges, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research, as well as non-ordinary overhead expenses such as secretarial and other overtime. Morris Anderson will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Morris Anderson's other clients or as previously fixed by this Court. Morris Anderson believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

5. Neither I, Morris Anderson, nor any principle or associate of Morris Anderson, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

6. In preparing this affidavit, we used a set of procedures established by Morris Anderson to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code. In that regard, Morris Anderson reviewed the lists of entities disclosed by the Debtors who may be parties in interest in the Chapter 11 Cases, including, <u>inter alia</u>, the Debtors' secured creditors, the Debtors' largest unsecured creditors, present officers and directors and parties holding equity interests in the Debtors (the "<u>Potential Parties in Interest</u>").

7. Morris Anderson maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Morris Anderson to make and maintain these records. The conflict system maintained by Morris Anderson is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v)

3

the Principle at Morris Anderson that is knowledgeable about the matter. It is the policy of Morris Anderson that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Morris Anderson. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

8. Morris Anderson has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or the Chapter 11 Cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on <u>Exhibit 1</u> attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on <u>Exhibit 2</u> attached hereto who have been represented by Morris Anderson within the last five (5) years). I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of Morris Anderson's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of Morris Anderson's annual fees billed. In any event, Morris Anderson will not represent any of the foregoing potential parties in interest in any facet of the Debtors' Chapter 11 Cases.

9. Morris Anderson has not and will not represent any entity other than the Committee in connection with the Chapter 11 Cases.

10. Morris Anderson has not received a retainer.

4

11. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Morris Anderson and (i) the U.S. Trustee or any person employed by the Office of the U.S. Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these Chapter 11 Cases. In addition, as part of its practice, Morris Anderson advises in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. Morris Anderson has not and will not represent any such entities in relation to the Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which Morris Anderson is to be employed.

12. Except as set forth herein, and based upon the information available to me, neither I, Morris Anderson nor any principle or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Committee in the matters upon which Morris Anderson is to be employed. Based upon the information available to me, I believe that Morris Anderson is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. The proposed engagement of Morris Anderson is not prohibited by or improper under Bankruptcy Rule 5002(a).

5

14. No promises have been received by Morris Anderson, or by any principle or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Morris Anderson has no agreement with any other entity to share with such entity any compensation received by Morris Anderson.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 19, 2009

Domenic Aversa

SWORN TO AND SUBSCRIBED before me this 19th day of August 2009.

Notary Public

**DON DASCOLI**
**Notary Public, State of New York**
**No. 01DA4614630**
**Qualified in Richmond County**
**Commission Expires 2/28/10**

## Exhibit 1[1] – Current Clients[2]

- Wachovia
- Wells Fargo
- US Bancorp

---

[1] Parties that are both current clients and former clients of Morris Anderson are only listed on Exhibit 1—Current Clients.

[2] Due to the similarity of names of certain entities, Morris Anderson was not able to determine if all entities listed herein are actually affiliates of current clients. However, out of an abundance of caution, Morris Anderson has listed those entities which it reasonably believes may be affiliates of current clients.

## Exhibit 2 – Former Clients[1]

- Armstrong World Industries
- GE
- HSBC
- IBM
- National City
- Provident Bank
- Bank of New York
- CIT

---

[1] Due to the similarity of names of certain entities, Morris Anderson was not able to determine if all entities listed herein are actually affiliates of former clients. However, out of an abundance of caution, Morris Anderson has listed those entities which it reasonably believes may be affiliates of former clients.