# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ARCLIN US HOLDINGS INC., et al., | Bankr. Case No. 09 – 12628 (KJC) |
| Debtors.[1] | Jointly Administered |
| | **Re: Dkt. Nos. 8 & 35** |

## FINAL ORDER AUTHORIZING DEBTORS TO PAY THE PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS AND ADMINISTRATIVE CLAIM HOLDERS AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion"),[2] of the Debtors for the entry of final order authorizing the Debtors to pay the prepetition claims of certain critical vendors and administrative claim holders and granting related relief; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon; and the Court having found that good and sufficient cause exists for granting the Motion; and upon consideration of the Declaration of D. Scott Maynard in Support of First Day Motions, and the files and records in these cases; and upon the arguments and statements in support of the Motion presented at the hearing before the Court; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; it is hereby

---

[1] The Debtors are Arclin US Holdings Inc., Marmorandum LLC, Arclin Chemicals Holding Inc., Arclin Industries U.S.A. Inc., Arclin Fort Smith Inc., Arclin U.S.A. Inc., and Arclin Surfaces Inc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

15246556

Docket No. 142
Date 9/8/09

ORDERED that the Motion is granted on a final basis; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to pay the Critical Supplier Claims in an amount not to exceed $9.3 million in the aggregate in the ordinary course of business on terms and conditions that the Debtors deem appropriate without further order of this Court; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to pay the Critical Shipper Claims in an amount not to exceed $900,000 in the aggregate in the ordinary course of business on terms and conditions that the Debtors deem appropriate without further order of this Court; and it is further

ORDERED that the Debtors, in their sole discretion, shall condition payment of the Critical Vendor Claims on the agreement of an individual Critical Vendor to continue supplying goods and services to the Debtors on terms at least as favorable as those that such Critical Vendor and that the Debtors are authorized to negotiate new trade terms with any Critical Vendor as a condition to payment of its claim; and it is further

ORDERED that should a Critical Vendor subsequently refuse to provide terms as set forth above, any payment made to a Critical Vendor on account of the prepetition claim shall be deemed to have been in payment of any then-outstanding postpetition obligations owed to the Critical Vendor; and it is further

ORDERED that the Excess Amount, if any, shall be deemed to be an avoidable postpetition transfer under Bankruptcy Code section 549; but upon any such recovery, the claim for which such payment was made shall be reinstated, subject to objection by the Debtors and other parties-in-interest; and it is further

ORDERED that each bank maintaining an account upon which a check, draft or wire transfer dated prior to, on or after the Petition Date is authorized and directed to (i) honor any such checks or drafts issued, upon presentation thereof, or any such wire transfer instructions, upon receipt thereof, in each case, in respect of claims paid pursuant to this Order and (ii) rely upon representations of the Debtors as to which such checks, drafts or wire transfers are in payment of claims pursuant to this Order; and it is further

ORDERED that nothing herein shall impair the Debtors' ability to contest the validity and amounts of any claim obligations to the Critical Vendor; and it is further

ORDERED that nothing herein shall be deemed to constitute the postpetition assumption of any executory contract between the Debtors and the Critical Vendor; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including without limitation, compromising the prepetition claim of any critical vendor; and it is further

ORDERED that the terms and conditions of this Order shall be immediately enforceable and effective upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September __, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE